# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DAWUD AMEEN HUSAIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-cv-2385-CDP |
| CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dawud Ameen Husain, an inmate at the St. Louis County Justice Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $51.70. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account activity form showing an average monthly balance of $258.50. The Court will therefore assess an initial partial filing fee of $51.70, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se

complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff names the Circuit Court of St. Louis County as the sole defendant. In the caption of the complaint, plaintiff writes: "Motion to Dismiss," and lists two case numbers which plaintiff alleges are criminal cases pending in the 21st Judicial Circuit Court in St. Louis County, Missouri: 15SL-CR08340 and 17SL-CR03102. Independent review reveals that the latter case remains pending, while the former was dismissed after plaintiff filed the instant complaint.

For his claims, plaintiff states that he has filed motions to dismiss in both cases, but has not yet received a reply. He states that defendant is charging him under a Missouri statute that conflicts with the United States Constitution; that he is "being deprived of his rights under color of law;" and that an accused has "the right to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him." (Docket No. 1 at 2). He states he "makes a motion to dismiss for failure to state a claim upon which relief can be granted" pursuant to the Federal Rules of Criminal Procedure. *Id.*

**Discussion**

To the extent plaintiff can be understood to ask this Court to dismiss, enjoin or otherwise intervene in a state criminal case that has already been dismissed by the state court, his claims are moot. To the extent plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in an ongoing state judicial proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding

which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 Fed. App'x 613 (8th Cir. 2010). "[F]ederal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) (internal quotations omitted).

In the case at bar, plaintiff sets forth no non-conclusory allegations tending to show that he is a defendant in an ongoing state judicial proceeding that fails to afford him an adequate opportunity to raise the federal questions he can be understood to attempt to raise here. In addition, while plaintiff claims he has yet to receive a response to a motion he filed, he sets forth no non-conclusory allegations tending to show bad faith, harassment, or any unusual circumstance that would call for equitable relief. His claims are therefore barred under the *Younger* abstention doctrine. In addition, the sole named defendant, the Circuit Court of St. Louis County, Missouri, is an arm of the state and therefore enjoys Eleventh Amendment immunity. The complaint is subject to dismissal on this basis, as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $51.70 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his

remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of January, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE